# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON WOOLEY and JULIANA WOOLEY, Parents of EW, a Minor,<br><br>    Plaintiffs,<br><br>v.<br><br>VALLEY CENTER-PAUMA UNIFIED SCHOOL DISTRICT, a Local Educational Agency,<br><br>    Defendant. | CASE NO. 07cv0675 BTM(RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Defendant Valley Center-Pauma Unified School District ("Defendant" or "School District") has filed a motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. For the reasons discussed below, Defendant's motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs Myron and Juliana Wooley are the parents of E.W., a sixth-grader at Lilac Elementary School. E.W. qualifies for special education due to diagnoses of autism, mild mental retardation, speech and language impairment, motor delays, visual-perceptual and attention deficits, and social delays. (Compl. ¶ 8.)

This is the second action Plaintiffs have brought against the District in this Court. In the first action, Case No. 06cv2451 BTM(RBB), Plaintiffs alleged that the District had denied

E.W. a free appropriate public education ("FAPE"), as required by the Individuals with Disabilities Education Act ("IDEA"), from the 2002-2003 school year through the 2006-2007 school year. Plaintiffs asserted causes of action for (1) rescission of a settlement agreement the parties had entered into on February 17, 2006[1]; (2) a compensatory education; (3) violation of civil rights under 42 U.S.C. § 1983 and section 504 of the Rehabilitation Act; and (4) attorney's fees and costs.

Pursuant to a stipulation filed by the parties, the Court dismissed with prejudice Plaintiffs' claim for rescission of the settlement agreement and Plaintiffs' claim under 42 U.S.C. § 1983 and section 504 of the Rehabilitation Act. The remaining claims were dismissed by an order filed on January 22, 2007. In that order, the Court held that Plaintiffs had failed to exhaust their administrative remedies and had failed to establish that exhaustion would be futile due to the alleged inadequacy of the administrative process.

On February 13, 2007 Plaintiffs filed a new request for a due process hearing with the Office of Administrative Hearings ("OAH"). (Ex. 2 to Compl.) In the request, Plaintiffs complain that the District failed to offer and provide E.W. a FAPE for the 2005-2006 school year and the 2006-2007 school year. For each school year in dispute, Plaintiffs identify a number of reasons why E.W. was denied a FAPE.

On March 26, 2007, the District filed a motion to limit the issues to be heard based on the parties' settlement agreement and the stipulated dismissal with prejudice in the prior court action. Specifically, the District requested dismissal of the following issues pertaining to the 2005-2006 school year:

> <u>Issue One</u>: Failure to offer and provide a FAPE for the 2005-2006 school year through the failure to timely provide a 1:1 CARES Aide;

---

[1] Pursuant to the settlement agreement, Plaintiffs agreed to waive all claims made, or that could have been made, through the date of the execution of the Agreement in exchange for the District's agreement to the following: (1) to provide a one-to-one aide during the regular school day; (2) to develop a plan for conducting and completing a comprehensive autism assessment, an occupational therapy assessment, and a language and speech evaluation; (3) convene an Individualized Educational Program team meeting to review the assessments and make an educational program available for the remainder of the 2005-2006 school year and the 2006-2007 school year; and (4) pay attorneys' fees and costs incurred by Plaintiffs in connection with the pending due process action.

<u>Issue Two</u>: Failure to offer and provide a FAPE for the 2005-2006 school year through the failure to allow E.W.'s NPA aide to assist her in all areas of her school day, including the accompanying of E.W. to the bathroom and the bus; and

<u>Issue Three</u>: Failure to offer and provide a FAPE for the 2005-2006 school year through the failure to timely complete a comprehensive autism assessment by Dr. Robert Patterson, an occupational therapy assessment by Susanne Smith Roley, and a language and speech evaluation by San Diego State University.

Plaintiffs withdrew Issue One on the basis of the settlement agreement, but opposed the dismissal of Issues Two and Three.

On April 6, 2007, the OAH granted the District's motion to limit the issues. Subsequently, Plaintiffs voluntarily withdrew their request for a due process hearing and commenced this action.

## II. DISCUSSION

Defendant argues that this action should be dismissed because Plaintiffs have failed to exhaust their administrative remedies. The Court agrees.

Under the IDEA, parents who present complaints with respect to any matter relating to the identification, evaluation, or educational placement of a child, or the provision of a free appropriate education to such child, are entitled to an impartial due process hearing by the State educational agency or the local educational agency. 20 U.S.C. § 1415(b)(6), (f). Any party aggrieved by the "findings and decision" made in the due process action has the right to bring a civil action in a state or federal district court within 90 days of the decision. 20 U.S.C. § 1415(i).

Ordinarily, judicial review under the IDEA is available only after the aggrieved party exhausts administrative remedies. <u>Doe v. Arizona Dept. Of Educ.</u>, 111 F.3d 678, 681 (9th Cir. 1997). The exhaustion doctrine "embodies the notion that 'agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer.'" <u>Hoeft v. Tucson Unified School Dist.</u>, 967 F.2d 1298, 1303 (9th Cir. 1992) (quoting <u>McCarthy v. Madigan</u>, 503 U.S. 140, 144 (1992)). "Exhaustion of the administrative

process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical education issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." Id.

Plaintiffs have not exhausted their administrative remedies because they withdrew their due process request. If the OAH had dismissed Plaintiffs' *entire claim* that E.W. was deprived of a FAPE during the 2005-2006 school year, Plaintiffs would have a stronger argument that the exhaustion requirement has been satisfied. See, e.g., Vandenberg v. Appleton Area Sch. Dist., 252 F. Supp. 2d 786 (E.D. Wis. 2003) (finding that exhaustion requirement had been satisfied, even though plaintiff had voluntarily dismissed entire due process action, where the ALJ dismissed all of plaintiff's claims arising prior to August 21, 2001). Here, however, the OAH dismissal did not dispose of Plaintiffs' claim that E.W. was deprived of a FAPE during the 2005-2006 school year.

The OAH's decision to dismiss Issues Two and Three from the hearing did not relieve Plaintiffs of their duty to proceed with the OAH hearing with respect to the *other grounds* for claiming that E.W. was deprived of a FAPE during the 2005-2006 school year – i.e., failure to provide appropriate school transportation, failure to conduct a functional analysis assessment, and fabrication of work-product and teacher progress reports that were presented at an IEP. If the OAH finds that E.W. was deprived of a FAPE during the 2005-2006 school year on one or more of these other grounds, the dismissed issues may be rendered moot.

Furthermore, the relief Plaintiffs sought before the OAH is not specific to the dismissed issues and may be obtained in whole or in part if Plaintiffs' prevail on the remaining issues. Plaintiffs' proposed resolution of all of their claims for the 2005-2006 and 2006-2007 school years is: (1) The district should be ordered to provide compensatory education including, immediate district-funded enrollment at TERI, Inc., The Country School, or another equally appropriate non-public school with appropriate aides and supports as well as appropriate special education transportation; and (2) the District should be ordered to reimburse E.W.'s

parents for any independent educational assessments and any educational services during the time period complained of. (Exh. 2 to Compl.) The OAH has not had the opportunity to determine whether this relief should be granted.

Allowing Plaintiffs to appeal issues piecemeal would not be an efficient use of judicial resources and would hinder proceedings before the OAH. See Johnson v. Board of Educ. of the Glens Falls Common Sch. Dist., __ F. Supp. 2d. __, 2007 WL 952060 at * 6 n. 4 (N.D.N.Y. 2007) (explaining that it was improper for plaintiffs to bring claims piecemeal instead of exhausting all administrative remedies first before filing in federal court); Hesling v. Avon Grove Sch. Dist., 428 F. Supp. 2d 262, 275-76 (E.D. Pa. 2006) (concluding that exhaustion is required whenever any part of the dispute might be resolved at the administrative level). Therefore, the Court finds that Plaintiffs have failed to exhaust their administrative remedies, and this case is dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the Complaint is **GRANTED**. This action is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: July 11, 2007

Hon. Barry Ted Moskowitz
United States District Judge